IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:

DAWN JOYNT,

    Plaintiff,

vs.

JW LEE, INC. d/b/a SCARLETT'S
CABARET, and MIAMI GARDENS SQUARE
ONE, INC. d/b/a TOOTSIE'S CABARET,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, DAWN JOYNT ("Plaintiff" or "Ms. Joynt") pursuant to *Fla. Stat. § 448.110* and Article X, Section 24 of the Florida Constitution, files the following Complaint against Defendants, JW LEE, INC. d/b/a SCARLETT'S CABARET ("SCARLETT'S"), and MIAMI GARDENS SQUARE ONE, INC. d/b/a TOOTSIE'S CABARET ("TOOTSIE'S") (collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This case implicates two adult entertainment clubs which go by the trade names of "Scarlett's Cabaret" and/or "Tootsie's Cabaret." The employers implicated are JW Lee, Inc. d/b/a Scarlett's Cabaret, and Miami Gardens Square One, Inc. d/b/a Tootsie's Cabaret ("Defendants").

2. Defendants have a longstanding policy of misclassifying their employees as independent contractors.

3. Defendants required and/or permitted Plaintiff to work as a "makeup artist" and "house mother" at their adult entertainment clubs but refused to compensate Plaintiff at the

applicable minimum wage rate. In fact, Defendant, JW Lee, Inc., refused to compensate Plaintiff at all for the hours she worked. Plaintiff's only compensation was in the form of tips.

4. Defendants' conduct violates *Fla. Stat. § 448.110* and Article X, Section 24 of the Florida Constitution, which require non-exempt employees, such as Plaintiff, to be compensated at least the state-mandated minimum wage for every single hour worked.

5. Plaintiff brings this action to recover the unpaid wages owed to her during the five (5) year period before this Complaint was filed.

## PARTIES

6. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

7. During all times material hereto, Defendant, Scarlett's, was a Florida corporation located and transacting business within Pembroke Park, Florida within the jurisdiction of this Honorable Court.

8. During all times material hereto, Defendant, Tootsie's, was a Florida corporation located and transacting business within Miami, Florida.

9. In or around May 2017, Tootsie's purchased Scarlett's and assumed all of its debts and liabilities.

## JURISDICTION AND VENUE

10. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

11. The amount in controversy exceeds $30,000.00, and therefore jurisdiction is proper within the Seventeenth Judicial Circuit in and for Broward County, Florida pursuant to *Fla. Stat. § 34.01*.

12. All acts and/or occurrences that gave rise to the current action occurred in Broward County, Florida, and jurisdiction is therefore proper in Broward County, Florida under *Fla. Stat. § 47.011*.

13. Venue is also proper within the Seventeenth Judicial Circuit in and for Broward County, Florida pursuant to *Fla. Stat. §47.011*.

14. All conditions precedent for the filing of this action have been previously met.

**EMPLOYMENT RELATIONSHIP**

15. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Freeman v. Key Large Volunteer Fire and Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer v. Metropolitan Dade County,* 139 F.3d 817, 819 (11th Cir. 1998)). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id*.

16. Here, Defendants had the power to hire and fire Plaintiff.

17. Defendants controlled Plaintiff's work schedule.

18. Defendants scheduled Plaintiff to certain shifts.

19. Defendants required Plaintiff to work a certain number of days during the week.

20. Defendants required Plaintiff to work specific days of the week each week.

21. Defendants provided training, if needed.

22. Defendants determined the rate and the method of payment of all individuals working for Defendants, including Plaintiff.

3

23. Duties of the "house mother" and "makeup artist" were an integral part of Defendants' strip clubs.

24. Defendants maintained some records regarding the times Plaintiff arrived and left the club.

## FLORIDA MINIMUM WAGE COVERAGE

25. Under Article X, Section 24(c) of the Florida Constitution, "[e]mployers shall pay employees wages no less than the Minimum Wage for all hours worked in Florida."

26. Pursuant to Article X, Section 24(b) of the Florida Constitution, the term "employer" shall have the same meaning established by the Fair Labor Standards Act ("FLSA").

27. Defendants were Plaintiff's employers as defined by the FLSA, Article X, Section 24(c) of the Florida Constitution and *Fla. Stat. § 448.110*. *See* 29 U.S.C. § 203(d).

28. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

29. Defendants are covered under the FLSA and the Florida Constitution through enterprise coverage, as Defendants were engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendants' business and Plaintiff's work for Defendants affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendants were engaged in interstate commerce pursuant under the FLSA; Article X, Section 24(c) of the Florida Constitution; and *Fla. Stat. § 448.110*.

30. During her employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: alcoholic beverages, snack foods, makeup, clothing, perfume, lingerie, feminine products makeup brushes, mirrors, etc.

31. Defendants regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendants enterprises covered by the FLSA; Article X, Section 24(c) of the Florida Constitution; and *Fla. Stat. § 448.110*.

32. Defendants grossed or did business in excess of $500,000.00 during the years of 2017, 2018, and 2019 and are expected to gross in excess of $500,000.00 in 2020.

33. Defendants advertise on the Internet that they own clubs in multiple states and advertise those clubs together on their website. Defendants also regularly and recurrently process credit cards from out-of-state patrons, communicate via mail, e-mail, and telephone with their clubs outside of the state of Florida, and sell their merchandise across state lines.

34. During all material times hereto, Plaintiff was a non-exempt employee of Defendants under the FLSA; Article X, Section 24(c) of the Florida Constitution; and *Fla. Stat. § 448.110*.

## **WAGE VIOLATIONS**

35. Defendants misclassified Plaintiff as an independent contractor.

36. Defendants failed to pay Plaintiff proper compensation under federal and state laws.

37. During certain time periods of her employment, the only money Plaintiff received was tips from dancers at the club.

38. Plaintiff has been victimized by Defendants' policy and plan to violate her rights

under the FLSA and Article X, Section 24 of the Florida Constitution and to deny her the minimum wage and the tips she lawfully earned.

39. Plaintiff worked on a regular basis for Defendants' club.

40. From approximately 2009 until approximately July 2018, Plaintiff worked for Defendants.

41. Therefore, Plaintiff has first-hand personal knowledge of the pay violations at Defendants' club.

42. Plaintiff worked on a regular basis as an employee for Defendants' club.

43. Defendants did not pay Plaintiff compensation for certain hours she worked at their establishment.

44. Defendants required the dancers performing at the club to share their tips with employees such as Plaintiff who do not customarily and regularly receive tips, including the disc jockeys and the managers.

45. Defendants illegally classified Plaintiff as an independent contractor.

46. At all times, Plaintiff was an employee of Defendants as that term is defined by the FLSA and relevant case law.

47. Defendants disciplined Plaintiff for not following club rules.

48. In addition, Defendants instructed the Plaintiff about when, where, and how Plaintiff was to perform her work.

49. The following further facts demonstrate the Plaintiff's status as an employee:

    a) Defendants had the sole right to hire and fire Plaintiff;

    b) Defendants made the decision not to pay Florida minimum wage;

    c) Defendants made the decision not to compensate at the FLSA minimum

wage rate;

d) Defendants provided Plaintiff with equipment and tools to perform her work;

e) Defendants controlled Plaintiff's work schedule;

f) Plaintiff has made no financial investment in Defendants' business;

g) Plaintiff was hired as a permanent employee and worked for Defendants for a period of nine (9) years;

h) Defendants supervised Plaintiff; and

i) Defendants scheduled Plaintiff and as such had sole control over her opportunity for profit.

50. Defendants misclassified Plaintiff as an independent contractor to avoid their obligations to pay Plaintiff pursuant to the Article X, Section 24 of the Florida Constitution.

51. Plaintiff is not exempt from the minimum wage requirements under Article X, Section 24 of the Florida Constitution.

52. Defendants' method of paying Plaintiff, or lack thereof, in violation of Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that Defendants' conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

53. Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that individuals employed in this industry are employees as that term is defined by the FLSA and, consequently, under Article X, Section 24 of the Florida Constitution.

54. Defendants and their related entities and affiliates have repeatedly been the subject

of litigation arising from their misclassification of dancers as independent contractors.

55. Defendants operate a strip club under the assumed name "Scarlett's Cabaret" and/or "Tootsie's." Indeed, they advertise themselves as such on various websites.

**COUNT I – VIOLATION OF *FLA. STAT. § 448.110* AND ARTICLE X, SECTION 24 OF THE FLORIDA CONSTIUTION – MINIMUM WAGE VIOLATIONS (AGAINST ALL DEFENDANTS)**

56. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

57. Plaintiff was entitled to be paid at least the Florida Minimum Wage for each hour/week worked during her employment with Defendants.

58. In 2015, the Florida Minimum Wage was $8.05 per hour.

59. In 2016, the Florida Minimum Wage was $8.05 per hour.

60. In 2017, the Florida Minimum Wage was $8.10 per hour.

61. Plaintiff was not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

62. Defendants willfully failed to pay Plaintiff minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

63. Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Article X, Section 24 of the Florida Constitution.

64. Specifically, on May 15, 2020, Plaintiff sent the corporate Defendants with a Notice pursuant to Fla. Stat. § 448.110, on behalf of herself and those similarly situated to Plaintiff.

65. More than 15 days have elapsed since Plaintiff's service of her Notice Letter on Defendants, and Defendants have failed to make payment to Plaintiff.

66. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

67. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage and an equal amount as liquidated damages.

68. Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

WHEREFORE, Plaintiff, DAWN JOYNT, respectfully request that judgment be entered in her favor awarding the following relief:

a) All unpaid wage at the Florida mandated minimum wage rate;

b) All misappropriated tips;

c) All misappropriated funds that were labeled as fees or otherwise;

d) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

e) Reasonable attorney's fees, costs, and expenses of this action as provided by *Fla. Stat. § 448.440*; and

f) Such other relief to which Plaintiff may be entitled, at law or in equity.

### DEMAND FOR JURY TRIAL

Plaintiff, DAWN JOYNT, requests and demands a trial by jury on all appropriate claims.

Dated this 29th day of June 2020.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**

805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff, Dawn Joynt*

By: *Jordan Richards, Esq.*_____
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*April@usaemploymentlawyers.com*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 29, 2020.

By: *Jordan Richards, Esq.*_____
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

### SERVICE LIST: