UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61580-CIV-DIMITROULEAS

DAWN JOYNT,

    Plaintiff,
v.

JW LEE, INC., D/B/A SCARLETT'S
CABARET AND MIAMI GARDENS
SQUARE ONE, INC., D/B/A
TOOTSIES' CABARET,

    Defendants.
_____/

**ORDER REMANDING CASE TO STATE COURT;**
**REFERRING ATTORNEY'S FEE MOTION TO MAGISTRATE JUDGE**

THIS CAUSE is before the Court on Plaintiff Dawn Joynt ("Plaintiff" or "Joynt")'s Motion for Remand for Lack of Subject Matter Jurisdiction Over Complaint Alleging Florida State Law Claims [DE 7], filed on August 7, 2020.  The Court has carefully reviewed Plaintiff's Motion [DE 5], Defendants JW Lee, Inc. and Miami Gardens Square One, Inc. (collectively, "Defendants")'s Response to Motion to Remand [DE 17], Plaintiff's Reply [DE 18], the Complaint [DE 1-1], and is otherwise fully advised in the premises.

The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises. *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1955).  The

1

removing party has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil*, 313 U.S. at 109 (citations omitted).

Defendants assert that this state court action is properly removable to federal court pursuant to 28 U.S.C. § 1441 because the cause of action alleged in Plaintiff Dawn Joynt's complaint is a claim for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The Court disagrees.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff filed a one-count Complaint asserting a claim for Count I- Violation of Fla. Stat. § 448.110 and Article X, Section 24 of the Florida Constitution – Minimum Wage Violations (Against All Defendants). *See* [DE 1-1]. While Plaintiff's state court Complaint references portions of the federal Fair Labor Standards Act ("FLSA"), these references are only made because such provisions were expressly incorporated into the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110, Art. X §24, Fla. Const. The removed Complaint clearly and succinctly states that Plaintiff only seeks relief under Florida state law. Her claim does seek the Court to adjudicate a claimed FLSA violation. Rather, Plaintiff's one-count complaint is seeking damages for Defendants' alleged violation of the Violation of Fla. Stat. § 448.110 and Article X, Section 24 of the Florida Constitution – Minimum Wage Violations. See [DE 1-1]. Defendants' reliance on *Roman v. Hooters*, 8:16-cv-01332, 2016 WL 8997452 (M.D. Fla. July 8, 2016) is misplaced. In *Roman*, unlike in this instant Complaint, the plaintiff demanded declaratory judgments affirming

the defendant violated the FLSA, damages under the FLSA, and attorney's fees under the FLSA. *See* 2016 WL 8997452, at *2. The instant case is much more similar to *Francisco Sanchez v. Rincon Progreseno Corp.*, No. 20-20890-CIV, 2020 WL 1527367, at *2 (S.D. Fla. Mar. 23, 2020) (remanding removed complaint asserting FMWA claims to state court). Whether the Defendants violated the FLSA is not an independent claim set forth in the Complaint, nor an issue that needs to be addressed in the adjudication of this action. Accordingly, there is not a sufficient basis for subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Motion to Remand [DE 7] is **GRANTED**;

2. The above-styled action is hereby **REMANDED** to state court;

3. PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the Court **REFERS** Plaintiff's request for attorney's fees and costs, *see* [DE 7] at pp. 5-6, to United States Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation.

4. The Clerk is directed to **CLOSE** this case

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of August, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record