UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61580-CIV-DIMITROULEAS/SNOW

DAWN JOYNT,

       Plaintiff,

vs.

JW LEE, INC. d/b/a SCARLETT'S
CABARET and MIAMI GARDENS
SQUARE ONE, INC., d/b/a
TOOTSIE'S CABARET, ,

       Defendants.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Attorneys' Fees (ECF No. 24) which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motion is fully briefed and ripe for consideration.

I. BACKGROUND

The Plaintiff filed her Complaint in Broward County Circuit Court, alleging violation of Florida's minimum wage provisions as set forth in Fla. Stat. § 448.110 and Article X, Section 24 of the Florida Constitution. (ECF No. 1-1) The Defendant removed the case to this Court on August 4, 2020 based on federal question jurisdiction, on the asserted ground that the Complaint alleged violations of the Fair Labor Standards Act (FLSA) in addition to her Florida state claim. (ECF No. 1) On August 31, 2020, this Court remanded the case to state court, stating:

> While Plaintiff's state court Complaint
> references portions of the federal Fair Labor
> Standards Act (FLSA), these references are
> only made because such provisions were

> expressly incorporated into the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 228.110, Art. X § 24, Fla. Const. The removed Complaint clearly and succinctly states that Plaintiff only seeks relief under Florida law.

(ECF No. 19 at 2) In so holding, the Court distinguished Roman v. Hooters, No. 8:16-cv-01332, 2016 WL 8997452 (M.D. Fla. July 8, 2016), on which the Defendants relied, because in Roman the plaintiff demanded declaratory judgments affirming that the defendant had violated the FLSA, damages under the FLSA and attorneys' fees under the FLSA. Id. at 2-3. Citing Francisco Sanchez v. Rincon Progreseno Corp., No. 20-cv-20890, 2020 WL 1527367 (S.D. Fla. Mar. 23, 2020) (remanding case asserting FMWA claims which referenced portions of the FLSA which are expressly incorporated into the FMWA), the Court concluded that in the instant case, the issue of whether the Defendants violated the FLSA was not an independent claim set forth in the Complaint, nor an issue that needed to be addressed in the adjudication of this action. Id. at 3.

The Plaintiff now seeks an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c), dealing with remand proceedings. The Plaintiff argues that attorneys' fees are warranted in this case because there was no objectively reasonable basis for removal, citing Ventures Trust v. Ricci, No. 18-cv-60714, 2018 WL 3730893 (S.D. Fla. June 12, 2018). The Plaintiff requests an award of fees in the amount of $6,282.50, representing 17.95 hours of work by attorney Jordan Richards at the rate of $350.00 per hour.

The Defendants respond that removal was premised upon six separate alleged violations of the FLSA in the Plaintiff's Complaint, "referencing the statute as a whole or to FLSA provisions not incorporated into the Florida Minimum Wage Act "FMWA")," and argue that they had a good faith basis for removal under Roman. (ECF

No. 26 at 4-5)  The Defendants alternatively argue that if the Court finds that fees should be awarded, the amount should be determined by the state court, citing City of Fort Lauderdale v. Scott, No. 09-cv-61401, 2010 WL 680842, at *3 (S.D.Fla. Feb. 18, 2010).  Finally, while not contesting Mr. Richards' claimed hourly rate, the Defendants assert that some of his time entries are grossly inflated.  The Defendants object to Mr. Richards' billing entries for filing, conferring with opposing counsel, reviewing non-substantive pleadings and pulling case law on the grounds that these time expenditures were not reasonably necessary for seeking remand.

In her reply memorandum, the Plaintiff notes that the Defendants failed to comply with Local Rule 7.3(b) which provides:

> Good Faith Effort to Resolve Issues by Agreement. A draft motion [for attorneys' fees and expenses][ ] must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.

The Plaintiff argues that because of this failure, the Court should not consider any cases cited for the first time in the Defendants' response to the instant Motion. Nevertheless, the Plaintiff does address the arguments raised by the Defendants despite their failure to comply with Rule 7.3(b).  Without condoning the Defendants' disregard of the Rule, but in the interest of judicial economy, the undersigned has considered all cases cited by the Defendants in response to the instant Motion.

## II. DISCUSSION

### A. Entitlement to Award of Fees

The Plaintiff seeks an award of fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In Martin v. Franklin Capital Corporation, 546 U.S. 132, 136 (2005), the Supreme Court held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." The Court stated that "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." Id. at 140. Rather, Congress' intent in providing for a fee award was to reduce "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Id. By awarding fees only when the removing party lacks an objectively reasonable basis for removal, federal courts would deter the use of removal as a delaying tactic, "while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

The Plaintiff states that it provided counsel for the Defendants with the pertinent case law before the case was removed to this Court. After a careful review of the Complaint and the Order remanding the case, the undersigned concludes that there was no objectively reasonable basis for removal. The Roman case clearly is distinguishable for the reasons cited in the Order remanding the case: the plaintiff in Roman demanded declaratory judgments affirming that the defendant had violated the FLSA, damages under the FLSA and attorneys' fees under the FLSA, whereas the Plaintiff here sought only damages, fees and costs under Florida law. Therefore, the

Plaintiff here, as in Ventures Trust, is entitled to an award of fees under 28 U.S.C. § 1147(c).

## B. Appropriate Court

The Defendants alternatively argue that the amount of the fee award should be determined by the state court, citing Bentley v. Miami Air Int'l, Inc., 377 F. Supp. 2d 1337, 1344 (S.D. Fla. 2019). The law is clear that a federal court retains jurisdiction to award attorneys fees following an order of remand. See, e.g., Bryant v. Britt, 420 F.3d 161, 165-66 (2d Cir. 2005). Moreover, in the instant case, the Order remanding the case included the referral to the undersigned of the Plaintiff's request for fees. (ECF No. 19 at 3) However, a federal court may reserve the determination of the amount of the fee award for the state court. Thus, in Hodach v. Caremark RX, Inc., 374 F. Supp. 2d 1222, 1226 (N.D. Ga. 2005), a case improperly removed one hour before the state court's scheduled hearing on the plaintiff's motion for a temporary restraining order, the court stated:

> Although there is authority for the Court's retention of the case to determine the reasonableness of the costs and expenses requested by Plaintiffs, the Court finds that litigating this case on dual tracks—the substantive issues in the Superior Court, and the ancillary costs and expenses issue in this Court—would be inefficient and would further delay the processing of the case. Accordingly, the determination of the reasonableness of the costs and fees to be awarded to Plaintiffs is reserved for the Superior Court.

In Hodach, it was clear that time was of the essence. Indeed, the motion for remand was filed as an emergency motion. Id. at 1223. In the instant case, there is no compelling reason for this Court to leave the determination of the amount of the fee award to the state court, and the Plaintiff objects to that procedure. The undersigned finds that the determination of the amount of fees can be expeditiously determined by this Court and that the Court should exercise its discretion to do so.

## B. Amount of the Fee Award

The Plaintiff seeks an award of fees in the amount of $6,282.50, representing 17.95 hours of work by attorney Jordan Richards at the rate of $350.00 per hour. This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299, (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

The Defendants do not object to Mr. Richards' hourly rate, and the undersigned notes that Mr. Richards has practiced law in Florida since 2014 and specializes in federal employment and/or consumer protection laws. The undersigned finds that his claimed rate of $350.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation, and should be awarded.

The Defendants do object to the number of house expended by Mr. Richards arguing generally that his billing entries for filing, conferring with opposing counsel, reviewing non-substantive pleadings and pulling case law, asserting that these tasks were not reasonably necessary for seeking remand. The Defendants' response fails to comply with Local Rule 7.3(a), which requires the respondent to a motion for fees and non-taxable costs to "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority."

After a careful review of the record in this cause and Mr. Richards' billing statements (ECF No. 24-1), the undersigned finds that 17.95 hours is a reasonable

amount of time to have spent on this case. Therefore, the requested fee award of $6,282.50 should be granted.

## III. CONCLUSION

This Court having considered carefully the Motion, the Response and Reply thereto, arguments of counsel, the court file and the applicable case law, it is hereby

RECOMMENDED that the Plaintiff's Verified Motion for Attorneys' Fees (ECF No. 24) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $6,282.50.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of November, 2020.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record